JOSEPHINE LINKER HART, Justice, concurring. The federal court asked this court “[w]hether an insurer in determining the ‘actual cash value’ of a covered loss under an indemnity insurance policy may depreciate the costs of labor when the term ‘actual cash value’ is not defined in the policy.” If the language in an insurance policy is ambiguous, we will construe the policy liberally in favor of the insured and strictly against the insurer. Elam v. First Unum Life Ins. Co., 346 Ark. 291, 297, 57 S.W.3d 165, 169 (2001). Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one reasonable interpretation. Id., 57 S.W.3d at 169. Ordinarily, the question of whether the language of an insurance policy is ambiguous is one of law to be resolved by the court. Id., 57 S.W.3d at 169. We have expressly rejected the contention that when the terms of a written contract are ambiguous, its meaning is always a question of fact. Scottsdale Ins. Co. v. Morrowland Valley Co., LLC, 2012 Ark. 247, at 12, 411 S.W.3d 184, 192. Where parol evidence has been admitted to explain the meaning of the language, however, the determination becomes one of fact for a fact-finder to determine. Id. at 11, 411 S.W.3d at 191. |SI agree with the majority that the term “actual cash value” is ambiguous. I further agree that if the term “actual cash value” is ambiguous, the policy is liberally construed in favor of the insured and strictly construed against the insurer. Also, the parties do not appear to have submitted parol evidence on the meaning of “actual cash value.” Consequently, because the term is not defined in the policy and because extrinsic evidence was not submitted, the policy is liberally construed in favor of the insured and strictly construed against the insurer. Therefore, in this case, the insurer may not, in determining the “actual cash value” of a covered loss under an indemnity-insurance policy, depreciate the costs of labor. Although I agree with the majority that the answer to the certified question is no, I do not join the majority’s opinion because it goes further and defines the term “actual cash value.” In doing so, the majority exceeds the scope of the certified question presented. Further, I decline to rely on a dissent from an Oklahoma court to determine Arkansas law. I am mindful, however, that the Arkansas Insurance Department has issued Bulletin 12A-2013 providing that “[l]abor of any kind related to the repair, rebuild, or replacement of covered property cannot be depreciated.” While the bulletin is only persuasive authority, it clearly establishes the position of the Arkansas Insurance Department and supports the conclusion that the term is ambiguous. Accordingly, I concur. BAKER, J., joins in this concurrence.